IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 1:25-CR-010-H |
| GIOMER JOSE PERNIA-RODRIGUEZ | |

## FACTUAL RESUME

In support of Giomer Jose Pernia-Rodriguez's plea of guilty to the offense in Count One of the Indictment, Pernia-Rodriguez, the defendant; Raúl A. Cáñez, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 111(a)(1), that is, Assaulting a Person Assisting Federal Officers, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*: That the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a person assisting federal officers, as described below;

*Second*: That the person assisting federal officers was forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with while engaged in the performance of his official duty or on account of the performance of official duties;

*Third*: That the defendant did such acts intentionally; and

---

[1] Fifth Circuit Pattern Jury Instruction 2.07 (5th Cir. 2024).

**Giomer Jose Pernia-Rodriguez**
**Factual Resume—Page 1**

*Fourth*:   That such acts involved physical contact with the person assisting federal officers.

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else when a defendant has the apparent present ability to do so. This includes any intentional display of force that would cause a reasonable person to expect immediate bodily harm, regardless of whether the victim was injured or the threat or attempt was actually carried out.

A federal officer includes a state law enforcement officer acting in cooperation with, and under the control of, federal officers in a matter involving the enforcement of federal laws.

It is not necessary to prove the defendant knew the person being forcibly assaulted was, at that time, a federal officer carrying out an official duty, so long as it is established beyond a reasonable doubt that the victim person assaulted was, in fact, a federal officer acting in the course of his or her duty and that the defendant intentionally committed a forcible assault upon that officer.

## STIPULATED FACTS

1.   Giomer Jose Padilla-Rodriguez, defendant, admits and agrees that on or about January 24, 2025, in the Abilene Division of the Northern District of Texas, and elsewhere, he did forcibly assault, resist, impose, impede, intimidate, or interfere with a person designated in Title 18, United States Code, Section 1114, to wit: Bluebonnet Detention Center Security Officer A.C., a person assisting officers or employees of United States Immigration and Customs Enforcement, while Security Officer A.C. was engaged in, or on account of, the performance of his official duties, and such acts involved physical contact with Security Officer A.C., in violation of Title 18, United States Code, Section 111(a)(1).

2. The Bluebonnet Detention Center (BBDC) in Anson, Texas, in the Abilene Division of the Northern District of Texas, is an Immigration and Customs Enforcement (ICE) detention facility. ICE agents are federal officers, and it is part of the official duty of such an officer to detain persons illegally in the United States pending their removal to their native country. BBDC contracts security staff and jail personnel from Management and Training Corporation (MTC). MTC contractors are private employees who assist federal officers and employees (ICE agents) in the performance of official duties on behalf of the United States Government. While engaged in the performance of their official duties, they are designated persons under Title 18, United States Code, Section 1114.

3. On January 24, 2025, Giomer Jose Pernia-Rodriguez was an ICE detainee at BBDC. At approximately 2:20 p.m., Pernia-Rodriguez attempted to control the food slot while MTC Detention Officer A.C. was securing it in the performance of his official duties. Pernia-Rodriguez reached through the food slot and intentionally struck A.C. in the face, contacting his left cheek and knocking off his hat. A.C. sustained swelling under his left eye from the battery. Pernia-Rodriguez admits that he intentionally assaulted A.C. and such assault involved physical contact.

4. The defendant agrees that he committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Indictment.

AGREED TO AND STIPULATED on this 4th day of April, 2025.

                                                    CHAD E. MEACHAM
                                                    ACTING UNITED STATES ATTORNEY

_____   _____
GIOMER JOSE PERNIA-RODRIGUEZ   MATTHEW A. McLEOD
Defendant                                                 Assistant United States Attorney
                                                      Tennessee State Bar No. 034353
                                                      1205 Texas Avenue, Suite 700
_____   Lubbock, Texas 79401
RAUL A. CÁÑEZ                                        Tel: 806-472-7351
Attorney for Defendant                          Fax: 806-472-7394
                                                      Email: matthew.mcleod@usdoj.gov